STATE v. CHARLES FLOYD WHITT

No. 6814SC297

(Filed 16 October 1968)

Escape § 1— escape during work at county home

An escape from the county home while serving a sentence confining defendant to the county jail and assigning him to work in the county home is punishable as a general misdemeanor pursuant to G.S. 14-256, the provisions of G.S. 153-220 being inapplicable and that statute having been repealed by the enactment of G.S. 14-256. Suggested judgment for assigning defendant to work on public works of the county set forth in opinion.

APPEAL from *Bowman, S.J.,* 22 March 1968, Regular Criminal Session of General Court of Justice, Superior Court Division, DURHAM County.

The defendant was charged under a warrant with the offense of public drunkenness in the City of Durham, North Carolina. To this charge the defendant in open court entered a plea of guilty and the court, with jurisdiction of the matter, imposed a sentence upon the defendant that he be confined twenty days in jail and assigned to work at the county home. While thus confined, the defendant escaped on 29 January 1968. He was again apprehended and given a sentence of twenty days in jail and assigned to work at the county home. This judgment was entered 1 February 1968 in the District Court of Durham County. On 16 February 1968 the defendant again escaped

and was charged in a warrant for an escape, second offense. From a judgment imposing a jail sentence and assigning the defendant to work under the supervision of the State Prison Department, the defendant appealed to the superior court.

In the superior court the defendant entered a plea of guilty to the crime of a second offense of escape in violation of the provisions of G.S. 14-256.

Upon inquiry in open court the judge found that the plea of guilty was entered freely, voluntarily, and understandingly by the defendant.

The court entered a judgment that the defendant be confined to the common jail of Durham County for a period of not less than six months nor more than twelve months and assigned to work under the supervision of the North Carolina Department of Correction. This sentence was to commence at the expiration of another sentence imposed for another offense committed by the defendant. From the judgment entered in this case, the defendant appealed.

*C. E. Johnson, Attorney for defendant appellant.*

*T. W. Bruton, Attorney General, and Millard R. Rich, Jr., Assistant Attorney General, for the State.*

CAMPBELL, J.

Defendant assigns as error the imposition of the sentence contending that it exceeds the maximum permitted by law.

The defendant contends that Durham County, pursuant to G.S. 153-209, had established a house of correction and that G.S. 153-220 provided that an escape from such an institution would permit additional confinement of one month. The defendant, thus, asserts that the sentence in this case was improper.

G.S. 153-209 provides:

> *"Commissioners may establish houses of correction.* — The board of commissioners may, when they deem it necessary, establish within their respective counties one or more convenient institutions to be known as houses of correction, or, in the discretion of the board of commissioners, as training schools, municipal farms, or juvenile farms, with workshops and other suitable buildings for the safekeeping, correcting, governing, and employing of offenders legally committed thereto."

G.S. 153-220 provides:

> *"Absconding offenders punished.* — If any offender absconds, escapes, or departs from any such institution without license, the manager has power to pursue, retake and bring him back, and to require all necessary aid for that purpose; and when brought back, the manager may confine him to his work in such manner as he may judge necessary, or may put him in close confinement in the county jail or elsewhere, until he submits to the regulations of such institution; and for every escape each offender shall be held to labor in such institution for the term of one month in addition to the time for which he was first committed."

The above statutes with regard to houses of correction were first enacted by the General Assembly in 1866.

G.S. 153-9 sets forth certain powers of the board of county commissioners of the several counties of the State. Among these is the power:

> "(25)   *To provide for a House of Correction.* — To make provision for the erection in each county of a house of correction, where vagrants and persons guilty of misdemeanors shall be restrained and usefully employed; to regulate the employment of labor therein; to appoint a superintendent thereof, and such assistants as are deemed necessary, and to fix their compensation."

G.S. 153-153 provides for the establishment of a county home as follows:

> *"County home for aged and infirm.* — All persons who become chargeable to any county shall be maintained at the county home for the aged and infirm, or at such place or places as the board of commissioners select or agree upon."

In the instant case the judgment of the district court entered 29 January 1968 sentenced the defendant to "20 days in jail & assigned County Home." It was from this sentence that the defendant escaped.

The better practice would have been for the judge of the district court to have entered a judgment in the following form:

> "The judgment of the court is that the defendant be imprisoned in the common jail of Durham County for a term of ........ months and assigned to work under the supervision of the State Department of Correction; commitment to the State Department of Correction will not issue, however, if he be accepted and received by the chairman of the board of county commissioners

of said county to be worked in and around the county premises and remain under the direction and supervision of the said chairman of the board of county commissioners and prove himself obedient to all of the rules and regulations that have been or may be prescribed by said chairman of the board of county commissioners of Durham County for the conduct and deportment of prisoners so assigned; should he become unruly, ungovernable or disobedient to the order of said chairman or anyone acting for or on his behalf, or violate any prescribed rule or regulation, in that event he shall be surrendered to the sheriff of Durham County and commitment shall forthwith issue by the clerk of the superior court of said county and the defendant shall be required to serve the remainder of the unserved sentence in the county jail as hereinbefore provided."

This form of judgment conforms with the requirements of G.S. 153-194 and G.S. 153-196.

G.S. 14-256 provides:

"If any person shall break any prison, jail or lockup maintained by any county or municipality in North Carolina, being lawfully confined therein, or shall escape from the lawful custody of any superintendent, guard or officer of such prison, jail or lockup, he shall be guilty of a misdemeanor."

This statute was enacted in 1955 and Section 5, Chapter 279, of the 1955 Session Laws provided:

"All laws and clauses of laws in conflict with this Act are hereby repealed."

In the instant case the defendant was sentenced to the jail, not to any house of correction, and from the jail, he was assigned to do work at the county home. G.S. 153-220 is not applicable under the facts of this case, and even if it were applicable, it was repealed by the enactment of G.S. 14-256 in 1955.

When the defendant entered his plea of guilty in the superior court, Judge Bowman made it very clear which statute had been violated when he stated:

"(T)he defendant, Charles Floyd Whitt, pleads guilty to second offense of escape in violation of the provisions of 14-256. . . ."

Later, in questioning the defendant as to his plea of guilty, Judge Bowman asked him:

"And the misdemeanor of escape from the county jail or municipal lockup of one kind or another is a general misdemeanor

which would be twenty-four months maximum, do you understand that?"

The defendant answered him:

"Yes, sir."

The sentence imposed did not exceed the limits provided by law.

The judgment of the superior court is affirmed.

MALLARD, C.J., and MORRIS, J., concur.